MAGGIE MEANS v. CAROLINA CENTRAL RAILWAY COMPANY.

(Decided Aprṭi 26, 1898.)

*Action for Damages—Negligent Killing—Common Carriers—Operation of Mixed Passenger and Freight Trains—Negligence.*

It is not negligence *per se* for a railroad company, operating a freight train with a passenger coach attached for the accommodation of the public, to have no conductor except the engineer who acts in both capacities.

CIVIL ACTION tried before *Greene, J.,* and a jury at January Term, 1898, of MECKLENBURG Superior Court. There was a verdict for the plaintiff who was awarded $750 damages for the negligent killing of her intestate and husband who was a brakeman on defendant's road. Defendant appealed.

· *Messrs. Osborne, Maxwell & Keerans,* for plaintiff.
*Messrs. Burwell, Walker & Cansler,* for defendant (appellant).

MONTGOMERY, J : The plaintiff's intestate was killed while in the employment of the defendant company upon one of its trains. He was a brakeman and the train was a freight train consisting of an engine, nine box cars, two flat cars, a conductor's cab and a passenger coach. The engineer was acting also as conductor, and the plaintiff alleges that her intestate was killed through the negligence of the defendant while he was obeying the instructions of the engineer, as conductor, to take up and bring to him the tickets of passengers. There are several important questions. raised by the defendant upon exceptions to the charge of the court, but as it clearly appears that a new trial must be had for one of the instructions of the court, we will not discuss them now.

His Honor instructed the jury that it was the duty of a railroad company to have a conductor when there are passengers and it is negligence not to have one. That we think was erroneous. The rule would apply where the trains are passenger trains, or where a considerable part of the train was for the accommodation of passengers and the passenger fare would be a considerable part of the inducement to run the train. But, where

the train is a freight train with a passenger car attached, it is a fair presumption that the passenger coach is purely for the accommodation of the public, and we cannot say as a matter of law that it would be negligence (nothing else appearing) in a railroad company not to furnish a conductor on such trains. The authorities from the courts of other States cited by the counsel of the plaintiff, upon examination by us, do not seem to support the correctness of the instruction of his Honor on this point. There is error.

New trial.